IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

AARON BROOKINS, #T237789
    Plaintiff,

vs.                                        Case No.: 3:12cv318/RV/EMT

WARDEN R. TIFFT, et al.,
    Defendants.
_____

## ORDER, REPORT AND RECOMMENDATION

        Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this 42 U.S.C. § 1983 action by filing a complaint on June 26, 2012, along with a motion to proceed in forma pauperis and a motion for temporary restraining order (docs. 1, 2, 3).  He subsequently filed a renewed motion for leave to proceed in forma pauperis with supporting documentation (doc. 6). Upon review of Plaintiff's complaint, applicable statutes and controlling case law, as well as court records, the court finds that this complaint is subject to summary dismissal, and that Plaintiff's motion for leave to proceed in forma pauperis should be denied.

        First, Plaintiff's case is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), as malicious, due to his failure to truthfully and completely fill out the complaint form.  Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (*see* doc. 1 at 5).  Question B of Section IV asks "Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action." Where there is a parenthetical area to mark either a "Yes" or "No" answer to this question, Plaintiff answered "Yes" and listed case 8:08cv1429 from the Middle District of Florida.  Question C of Section IV asks, "Have you initiated other actions (besides those listed above in Questions (A) and (B)) in **either state or federal court** that relate to the fact or manner of your incarceration

(including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*id.* at 6).  Where there is a parenthetical area to mark either a "Yes" or "No" answer to this question, Plaintiff marked "Yes" and listed case 8:10cv1050, also from the Middle District of Florida (*id.*).  Although the complaint form directs litigants to attach additional pages as necessary to list other cases, no additional pages are attached for this purpose.  Question D of Section IV asks "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?  If so, identify each and every case so dismissed:" Where there is a parenthetical area to mark either "Yes" or "No," Plaintiff marked "No" (*id.*).  Thus, Plaintiff has in effect stated that he has had no actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service.[1]

At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**" (doc. 1 at 13).

In light of 28 U.S.C. § 1915(g), which will be discussed further below, this court must independently investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision of that statute.  The information from Section IV of the form is useful to the court in this investigation and in other considerations.  For example, the information helps the court to consider whether the action is related to or should be considered in connection with another action, or whether a holding in another action affects the current action.  Further, since prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and

---

[1] The court notes that both of the cases disclosed by Plaintiff were responsive to this question as well, and it would not fault him for his failure to re-list them here, had he not also neglected to disclose two other cases (as discussed *infra*).

Case No.: 3:12cv318/RV/EMT

familiarity with the legal terrain of the current action.  The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.[2]

The court may take judicial notice of the fact that Plaintiff's litigation history has been recognized by the Middle District of Florida in case 8:10-cv-1050-T-26TBM.  In that case, the court identified three previous civil rights cases that had been dismissed for failure to state a claim, 8:07cv2256, 8:08cv1429 and 8:08cv1351, and it dismissed Plaintiff's case without prejudice to its refiling accompanied by the $350.00 filing fee (*see* case 8:10-cv-1050-T-26TBM, doc. 3).  Plaintiff failed to identify Case Nos. 8:07cv2256 and 8:08cv1351 on his complaint form, and in doing so has essentially concealed from the court that he is a "three-striker."

The court has authority to control and manage matters such as this pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court.  If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened.  The court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, Plaintiff falsely responded to a question on the complaint form, as detailed above.  Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers.[3]  Furthermore, having already had one case dismissed under the three strikes provision, Plaintiff certainly was aware of it.  If Plaintiff suffered no penalty for his incomplete and thus untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be

---

[2] "[T]he task of counting strikes involves more than sophomoric arithmetic.  Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, mailciousness or failure to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 726 (11th Cir. 1998) (citing 28 U.S.C.A. § 1915(g)), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

[3] Indeed, section IV of the complaint form includes the following notice:  "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* doc. 1 at 3) (emphasis and capitalization in original).

Case No.: 3:12cv318/RV/EMT

confronted with widespread abuse from its many prisoner litigants.  Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause <u>without</u> <u>prejudice</u>.  Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  *See* <u>Warren v. Guelker</u>, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Plaintiff's status as a "three-striker" who failed to pay the $350.00 filing fee upon initiating this case provides an alternate basis for dismissal.  Title 28 U.S.C. §1915(g) prohibits a prisoner from proceeding in forma pauperis in civil actions under certain circumstances.  It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Thus, if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed in forma pauperis.  A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and his failure to do so warrants dismissal without prejudice.  <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002); <u>Vanderberg v. Donaldson</u>, 259 F.3d 1321, 1324 (11th Cir. 2001).  The only exception to this is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. §1915; <u>Brown v. Johnson</u>, 387 F.3d 1344 (11th Cir. 2004); <u>Rivera v. Allin</u>, 144 F.3d 719, 723 (11th Cir. 1998).  As noted above, the Middle District of Florida has already identified Plaintiff as a "three-striker" (*see* case 8:10-cv-1050-T-26TBM, doc. 3), and absent allegations of imminent danger of serious physical injury he is not entitled to proceed in forma pauperis in any case filed in federal court.

In the instant complaint, Plaintiff, who is currently incarcerated at Santa Rosa Correctional Institution ("SRCI"), sues Defendants R. Tifft, J.W. Williams, C. Brennan, T. Evans, Officer Lingo,

E. Stine, R.F. Caldwell, G.R. Byrd, J. Demaret, S. Knight, R. Burch, and one John Doe Defendant, each of whom, with the exception of E. Stine, is employed at SRCI.  E. Stine is employed by the Department of Corrections' Central Office in Tallahassee.  Plaintiff complains of alleged constitutional violations that took place in November of 2011, including the failure to protect him from another inmate, the writing of false disciplinary reports, and the denial of due process at the ensuing disciplinary proceedings.  He seeks declaratory and injunctive relief and monetary damages.

Clearly, Plaintiff's allegations with respect to incidents that occurred in November of 2011 do not meet the imminent injury requirement of section 1915(g).  Plaintiff's generalized allegations of misconduct among corrections officials and his fear of other inmates as a result of the officials' lack of professionalism does not rise to the level of establishing a threat of **imminent** danger of serious physical injury from any Defendant.  Having failed to meet the imminent danger requirement, Plaintiff cannot proceed in forma pauperis.

Because Plaintiff did not pay the $350.00 filing fee at the time he submitted this civil rights action, and because Plaintiff is not entitled to proceed in forma pauperis, his case is subject to dismissal on this basis as well.  Leave should not be provided to allow him to pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint.  Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).  Dismissal should be without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (doc. 6) is **DENIED**.

And it is respectfully **RECOMMENDED**:

That this case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious, or alternatively, pursuant to 28 U.S.C. § 1915(g) for the reasons set forth herein.

At Pensacola, Florida, this 1st day of August 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).